**01-6500**

AO 43 (Rev. 2/95)

PETITION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| UNITED STATES DISTRICT COURT | District For The Southern District Of Florida |
|---|---|

| Name of Movant Neville Lepold Hooper | Prisoner No. 11206-365 | Case No. 00-6101-Cr-Zloch |
|---|---|---|

Place of Confinement: F.C.C. Coleman-Low, P.O. Box 879, Coleman, FL 33521

**CIV-ZLOCH**

UNITED STATES OF AMERICA        v.    Neville Lepold Hooper

(name under which convicted)

MAGISTRATE JUDGE SORRENTINO

## MOTION

1. Name and location of court which entered the judgment of conviction under attack  United States District Court For The Southern District Of Florida

2. Date of judgment of conviction  September 1, 2000  Ft. Lauderdale, Florida

3. Length of sentence  46 months

4. Nature of offense involved (all counts)  Count One: Re-entry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2).

(FILED MAR 2 9 2001 PM 3:19)

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☑
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:
   I entered plea of guilty to count one, because that's the only count that I'm charged with.

6. If you pleaded not guilty, what kind of trial did you have? (Check one)  N/A
   (a) Jury ☐
   (b) Judge only ☑

7. Did you testify at the trial?
   Yes ☐    No ☑

8. Did you appeal from the judgment of conviction?
   Yes ☐    No ☑

(2)

AC 243 (Rev. 2/95)

9. If you did appeal, answer the following:

   (a) Name of court _____ N/A _____

   (b) Result _____ N/A _____

   (c) Date of result _____ N/A _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

    Yes ☐    No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____ N/A _____

        (2) Nature of proceeding _____ N/A _____
        _____ N/A _____

        (3) Grounds raised _____ N/A _____
        _____ N/A _____
        _____ N/A _____
        _____ N/A _____
        _____ N/A _____

        (4) Did you receive an evidentiary hearing on your petition, application or motion?

            Yes ☐    No ☒

        (5) Result _____ N/A _____

        (6) Date of result _____ N/A _____

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court _____ N/A _____

        (2) Nature of proceeding _____ N/A _____
        _____ N/A _____

        (3) Grounds raised _____ N/A _____
        _____ N/A _____
        _____ N/A _____
        _____ N/A _____
        _____ N/A _____
        _____ N/A _____

(3)

AO 243 (Rev. 2/95)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐    No ☑

(5) Result _____ *N/A*

(6) Date of result _____ *N/A*

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☐    No ☑
(2) Second petition, etc.    Yes ☐    No ☑

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

*I was under the impression that my attorney was going to file a notice of appeal because of his numberous objections to the P.S.L.R.*

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

Caution:    If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A. Ground one: Ineffective Assistance of Counsel

Supporting FACTS (state *briefly* without citing cases or law)

My Attorney failed to file a notice of appeal in my behalf

B. Ground two: Ineffective Assistance of counsel

Supporting FACTS (state *briefly* without citing cases or law) My Attorney failed to investigate my prior conviction(s), I never had an Attorney to represent me on either of my prior conviction(s) and even though the P.S.I.R. states that "there is no information available" I was never advised of my Boykin rights And I pled no-lo contendere

C. Ground three: Ineffective Assistance of Counsel

Supporting FACTS (state *briefly* without citing cases or law) In effective Assistance of counsel, my Attorney failed to Argue that my priors could not be used, so I do qualify for safty valve

(5)

AO 243 (Rev. 2/95)

_____

_____

D.      Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A. B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐      No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a) At preliminary hearing _Samuel J. Smaryun, 101 N.E. 3rd Avenue, Suite_
    _203, Ft. Lauderdale, FL. 3301-1145  (954) 356-7436_      ''

(b) At arraignment and plea _____(( _____      ''

    ___((_____      ''

(c) At trial ((_____      ''

    ((___-_____ = _____      ''

(d) At sentencing ((_____      ''

    ((_____      ''

(6)

AO 243 (Rev. 2/95)

(e) On appeal _____ N / A _____

_____ N / A _____

(f) In any post–conviction proceeding _____ N / A _____

_____ N / A _____

(g) On appeal from any adverse ruling in a post–conviction proceeding _____ N / A _____

_____ N / A _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐      No ☑

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐      No ☑

(a) If so, give name and location of court which imposed sentence to be served in the future: _____ N / A _____

_____ N / A _____

_____ N / A _____

(b) Give date and length of the above sentence: _____ N / A _____

_____ N / A _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐      No ☑

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

_Pro - se Neville Hooper -_
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_3 · 26  2001_
(Date)

_neville Hooper_
Signature of Movant

(7)

IN THE UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF FLORIDA

Neville Lepold Hooper,                                    petitioner,

        VS.                              Docket No. 00-6101-Cr-Zloch

United States Of America

---

Petitioner Initial Memorandum Of Law
In Support Of Petitioner 28 U.S.C. §2255

Comes Now, Petitioner, Neville Lepold Hooper, in pro-se,
pursuant to Haines vs. Kerner, 404 U.S. 519, 30 L.Ed 2d.
652, 92 S.Ct. 594 (1972), And Spencer vs. Doe, 139 F.3d
107, 112 (2nd cir. 1998), And Boag vs. Mac Dougall, 454
U.S. 364, 70 L.Ed. 2d. 551, 102 S.Ct. 700 (1982), And respectfully
moves this Honorable Court to grant his Memorandum Of
Law in support of his 28 U.S.C. §2255, in the Above
stated cause.

## Whether Petitioner Is Entitled To An Appeal

The United States Supreme Court prescribes a case-specific inquiry for determining whether a defense lawyer renders ineffective assistance by failing to file a notice of appeal for a convicted defendant. Counsel is obliged to file such a notice if the defendant so directs, the court says, but; counsel need not always consult with the defendant about an appeal. Instead, consultation is necessary if there is a reasonable probability that, but for the lack of such consultation, the defendant would have timely appealed, See: Roe vs. Flores · Ortega, U.S. No. 98-1441, 2-23-2000

The second circuit held that defendant is accorded ineffective assistance of counsel when counsel fails to perfect defendants direct appeal, without necessity of showing prejudice. See: Hernandez vs. U.S. 202 F.3d 486 (2nd cir. 2000) Also see: Restrepo vs. Kelly 178 F.3d 634 (2d cir. 1999).

Petitioner contends that he is entitled to an appeal.

Petitioner contends that his prior convictions should not have been used to enhance his federal sentence, because; the prior convictions that the probation officer relied on are invalid and unconstitutional, because; petitioner was not represented by counsel. See: Andre Williams vs. U.S. 380 F. Supp. 503, where it states on the basis that sentencing judge had considered probation department's P.S.I. R. showing state conviction which petitioner alleged was invalid because he had not been represented by counsel and had not waived his right to counsel. See: Amed. 6 Const. Also see: U.S. vs. Ortega 74 F.3d 764 (2nd cir. 1996), all uncounseled misdemeanor sentence of imprisonment should be excluded from criminal history computations under sentencing guidelines.

Also see: 4A1.2 excludes from criminal history computations all uncounseled misdemeanor sentences of imprisonment, including those imposed after the revocation of a defendants probation. A defendant is entitled to appointed counsel if he is sentenced to term of imprisonment. U.S.C.A. Const. Amends: 6, 14.

Also see: Burgett vs. Texas 19 L.Ed. 2d 319 (1967), examining an uncounseled state conviction.

U.S. vs. Tucker  30 L.Ed 2d 592 (1972), The Supreme
Court has held (that) sentencing courts may not rely
on prior convictions that are 'presumptively void'

Gideon vs. Wainwright  9 L.Ed.2d 799 (1963), Uncounseled
conviction may not be used to enhance sentence
for later conviction.

Guidelines do not permit use of an arrest record
to jack up a defendant's sentence.

Petitioner relies on the teachings of United States
vs. Roman, 989 F.2d 1117 (11th cir. 1993)(enbanc), the
district court held that a sentencing court may not
examine the constitutionality of a defendant's earlier
state conviction when calculating a sentence, except
in the narrow case, when a defendant alleges
that his state conviction was wholly uncounseled.
Also see: U.S. vs. Mikell  102 F.3d 470 (11th cir. 1996).
Also see: United States vs. Galo 239 F.3d 572 (3$^{d}$ cir.2001)

See: U.S. vs. Benson, 836 F.2d 1133 (8th cir. 1988), Due process
is violated when information on which defendant is sentenced
is materially untrue or is misinformation.

U.S. vs. Manotas-Mejia, 824 F.2d 360 (5th cir.1987), Failure of
district court to correct any factual inaccuracy in presentence
investigation report may be raised for first time on appeal
and requires resentencing.

# Whether Petitioner Received Effective Assistance Of Counsel

Petitioner contends that he was denied effective assistance of counsel. Petitioner's counsel did not look into petitioner's criminal history to make sure that his priors could be used in calculating criminal history points.

In Cook vs. Lynaugh, 821 F.2d 1072 (5th cir. 1987), trial counsels failure to investigate defendants prior convictions that were used to enhance defendants sentence, where facts of prior would have shown that defendants prior Nolo contendre plea was unconstitutional, constitues ineffective assistance of counsel.

Petitioner contends that every prior conviction ~~this~~ he has, he pled nolo contendre. Petitioner also realize that section 3742 (f)(1) does not call for a remand everytime a sentencing court might misapply a provision of the Guidelines; rather, remand is required only if the sentence was "imposed as a result of an incorrect application" of the Guidelines.

18 U.S.C. §3742(f)(1) specifies, "If the court of Appeals determines that the sentence was imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, the court shall remand the case.... In Williams vs. U.S. 117 L.Ed.2d. 341 (1992).

The sixth Amendment right to counsel is the right to effective Assistance of counsel. M° MAnn vs. Richardson, 397 U.S. 759, 771 n. 14 (1970). The benchmark for judging Any claim of ineffective Assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the Adversarial process that the trial cannot be relied on. As having produced a just result. Strickland vs. Washington, 466 U.S. 668, 688 (1984); see Also: Boykins vs. Wainwright, 737 F.2d 1539, 1542 (11ᵗʰ Cir. 1984) Thus, to establish a claim for relief based upon ineffective Assistance of counsel, petitioner must meet the two pronged test of Strickland vs. Washington, (1) petitioner must show that his counsel's reprensentation was deficient And (2) petitioner must show that this deficient representation prejudiced petitioner. Strickland, 466 U.S. At 687-89, See Also Weeks 26 F.3d At 1036. Application of this standard require that Judicial scrutiny of counsel's performance be highly deferential, A court falls within the wide range of resonable professional Assistance. Surely petitioner's counselor was ineffective, As Alleged Above.

Whether Petitioner Prior Conviction Is Valid

Petitioner contends that none of his prior convictions are valid, refer to paragraph 19 page 6:

1-9-87    Charge: Attempted possession of cocaine.
          Disposition: Case No.: C0346-87 2-21-91:
          180 days, execution stay of sentence, 14
          months probation, concurrent with Case No.:
          00498-87

Petitioner contends that under Florida State law § 893.13 (1)(a), it is unlawful for any person to sell, purchase, manufacture, deliver, or possess with the intent to sell a controlled substance.

Petitioner contends that the language in his 1987 state convictions tracked the language in the statute and thus does not indicate whether his convictions were for the purchase of controlled substances or for the sale of controlled substances. The difference is an important one because under 4A1.1 or 4A1.2 the prior convictions must be valid to be counted as a criminal history point. See: U.S. vs. Hernandez 145 F.3d 1433 (11th Cir. 1998), Also see: U.S. vs. Willis 106 F.3d 966 (11th Cir. 1997)

And As for prior conviction dated 1-12-87, Attempted
possession of cocaine, Case No: 00498-87 dated 2-21-91
180 days, execution of sentence stayed, 14 months probation,
concurrent with Case No. 00346-87, And prior con-
viction CT951661X dated 5-23-97 1,3 years imprison-
ment, All but 100 days suspended, 3 years probation
Ct. 2, Nolle prosequi. The same rule as presented
above applies.

Petitioner contends that he was illegally enhanced from
void priors conviction(s).

Whether Petitioner Prior Convictions Should be Counted

Petitioner contends that his prior convictions should not have been counted for criminal enhancement.

Petitioner contends that at the time of the entry of his guilty plea to prior convictions. CC346-87 dated 2-21-91, and CO498-87 dated 2-21-91, and CT951661X dated 5-23-97, he was not placed under oath by the court and questioned regarding his knowledge and understanding of the rights he was waiving in entering the plea of guilty, the elements of the offense, and the factual basis of the plea of guilty. Petitioner did not understand the nature of the offense, its critical elements, or that it could be used to enhance penalties for later criminal conduct. The guilty plea entered by Petitioner was constitutionally invalid. See: Custis vs. United States, 128 L.Ed.2d 517, 114 S.Ct. 1732 (1994). Also see: Young vs. Vaughn, 83 F.3d 72 (3rd Cir. 1996). Every Federal Court of Appeals allows a habeas petitioner to challenge a conviction whose sentence has expired if he is currently incarcerated as a result of that conviction, or if it was used to enhance a sentence presently being served.

The Court of Appeals for the Eleventh Circuit has held that it makes no difference whether the petitioner attacks the expired or the enhance sentence. See: McCarthy vs. United States, 394 U.S. 459, 466 (1969), the United States Supreme Court stated:

"That because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts."

According to Boykin vs. Alabama, 395 U.S. 238, 89 S.Ct. 1709 (1969), a guilty plea involves waiver of several federal constitutional rights: The privilege against self-incrimination, the right to trial by jury, and the right to confront adverse witnesses, Id. at 243. A waiver of these rights cannot be effective unless it is voluntary. Id. at 242. When a waiver of any of these constitutional rights is questioned, "clearly the state bears the burden of establishing that such a waiver was knowingly and voluntarily made.

Petitioner contends that he was not advised of his Boykin rights. See: Rule 11.

Whether Petitioner Prior Conviction(s) Are Related

Petitioner contends that prior convictions: 00346-87 dated 2-21-91 And prior conviction 00498-87 dated 2-21-91 Are related And the probation officer errored in calculating his criminal history points under #4A1.1(c)

Petitioner relies on the teachings of United States vs. Houser 929 F.2d 1369 (9th cir. 1990), Houser was convicted on June 7, 1984 of criminal sale of dangerous drugs. He was convicted of the same offense again on July 19, 1984. The first conviction was in state court, in Rosebud County, Montana. The second conviction was also in state court, in Yellowstone County, Montana. Houser two prior conviction were treated as one criminal history point. Also see: U.S. vs. Chapnick 963 F.2d. 224 (9th cir. 1992) citing U.S. vs. Davis 922 F.2d 1385 (9th cir. 1991), Lowe, 930 F.2d at 647; U.S. vs. Bishop 921 F.2d 1068, 1072 (10th cir. 1990), U.S. vs. Jones 899 F.2d 1097, 1101 (11th cir.) 112 L.Ed 2d 230 (1990)

Petitioner cites § 4B1.2 of the Federal sentencing guidelines. in part:

Related cases; Prior sentence are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offense that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing.

Petitioner contends that prior convictions; 00346-87 and 00498-87 were (3) were consolidated for trial or sentencing. See: Attached final disposition.

If the court corrects petitioner criminal history points, the court will see that petitioner qualify for 5C1.2 Safty Valve and instead of offense level 21 to base offense level 19 to the low end of the guideline.

Prayer    For    Relief

Wherefore Petitioner Prays That This Honorable Court.

1) Issue A writ of Habeas Corpus (2243), Habeas Corpus to have petitioner brought back before the court so these issue(s) that petitioner raised can be addressed and clarified and cleared up according to the laws of the United States of America;

2) Find that petitioner did receive ineffective assistance of counsel;

3) Find that petitioner shouldn't have received Any criminal history point for invalid/unconstitutional prior conviction;

4) Find that Petitioner prior conviction(s) 00346-87 and 00498-87 are related and should be counted as one;

5) Find that petitioner shouldn't have any criminal history points and does qualify for the safty value provision;

6) Issue An Order for the Respondents to show cause why petitioner motion shouldn't be granted;

7.) Issue An Order Granting petitioner 28 U.S.C. §2255 and Attached Memorandum Of Law and Attachedment(s) in support of 28 U.S.C. §2255,

8) Find that petitioner did not receive an appeal According to Roe vs. Flores-Ortega

9.) Grant petitioner relief whatever the Honorable Court sees fit.

Respectfully Submitted,

Neville Hooper

Neville Leald Hooper pro-se #11206-265
F.C.C. Coleman-Low
P.O. Box 879
Coleman, FL. 33521

Certificate Of Service

I Neville Lepold Hooper do hereby certify that this is a true copy and is correct and true to the best of my Knowlege and belief and have sent a copy to the Clerk of Court with pre-paid postage this 26 th day of March 2001.

ATTN: Clerk of The Court
299 E. Broward Boulevard
Fort Lauderdale, Florida 33301

Respectfully Submitted,
Neville Hooper # 11206-265
Pro-se
Neville Lepold Hooper # 11206-265
F.C.C. Coleman-Low
P.O. Box 579
Coleman, FL 33521

Exihibit (A)

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

Case No. F 498-87 C

PDID No. 396-345

vs.

Neville Smith

### JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of _____ Count "C" Attempted Possession Cocaine.

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _____

Count "C" 180, (one hundred) And Eighty) days FSS 14 (Fourteen) months probation. To run concurrent with change in F 346-87

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☒ MANDATORY MINIMUM term does not apply.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803(b) of the D.C. Code [Youth Rehabilitation Act 1985].

☒ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division. and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to _____

☒ Keep All meetings with Probation Officer. Don't violate Any command laws. Follow All instructions of Probation Officer

Costs in the aggregate amount of $ 10 have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant

2/21/91
Date

_____ Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

0041

*Exhibit (B)*

## PART B. THE DEFENDANT'S CRIMINAL HISTORY

### Juvenile Adjudication(s)

18.    None

### Adult Criminal Conviction(s)

| | Date of Arrest | Charge/Agency | Date Sentence Imposed/ Disposition | Guideline/ Points |
|---|---|---|---|---|
| 19. | 1/9/87 (age 31) | Attempted possession of cocaine, PD, Washington, D.C. | Case No. 00346-87 2/21/91: 180 days, execution stay of sentence, 14 months probation, concurrent with Case No. 00498-87 | § 4A1.1(c)  <u>**1**</u> |
| | No other information is available. | | | |
| 20. | 1/12/87 (age 31) | Attempted possession of cocaine (misdemeanor), PD, Washington, D.C. | Case No. 00498-87 2/21/91: 180 days, execution of sentence stayed, 14 months probation, concurrent with Case No. 00346-87 | §4A1.1(c)  <u>**1**</u> |
| | No other information is available. | | | |
| 21. | 9/1/95 (age 40) | Ct. 1: Possession of a controlled dangerous substance (CDS) with intent to distribute (crack cocaine) Ct. 2: Possession of a CDS, PD, Prince George's County, MD | Case No. CT951661X 5/23/97: Ct. 1, 3 years imprisonment, all but 100 days suspended, 3 years probation Ct. 2, Nolle prosequi | § 4A1.1(b)  <u>**2**</u> |

6